**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHANIELLE ENOMOTO, individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SIEMENS INDUSTRY, INC., <br><br> Defendant-Appellant. | No. 22-56062 <br><br> D.C. No. 8:22-cv-00334-DOC-KES <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 8, 2023
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and KENNELLY,**
District Judge.

Siemens Industry, Inc. ("Siemens") appeals from the district court's

dismissal order. Chanielle Enomoto ("Enomoto"), a former Siemens employee,

filed an action in the Central District of California alleging that Siemens had a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

practice of failing to pay overtime wages in violation of the Fair Labor Standards Act. Enomoto then brought a putative class action against Siemens in Alameda County Superior Court alleging, among other claims, state-law claims regarding unpaid overtime wages, missed meal and rest breaks, and untimely final wage payments. Siemens removed that case to the Northern District of California based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). After meeting and conferring, the parties filed a joint stipulation whereby Enomoto agreed to dismiss her complaint in the Northern District case and file an amended complaint in the Central District case adding the state-law claims there.

Siemens moved to dismiss Enomoto's amended complaint or, in the alternative, strike class, collective, and representative allegations under Federal Rules of Civil Procedure 12(b)(6), 12(f), and 23(d)(1)(D). At a motion hearing, the district court *sua sponte* questioned whether it had subject-matter jurisdiction over the action and ordered the parties to file simultaneous briefs on the issue. Siemens asserted in its briefing that even if the district court declined to exercise supplemental jurisdiction over the state-law claims, the district court had subject-matter jurisdiction over Enomoto's state-law claims under CAFA. In an order dismissing Enomoto's federal claim under Rule 12(b)(6), the district court declined to exercise supplemental jurisdiction over Enomoto's remaining state-law claims, held that it lacked subject-matter jurisdiction under CAFA because "[d]efendants

2

have not shown the combined claims of all class members exceed $5 million," and directed Enomoto to re-file the case in state court.

1. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's dismissal order. We review a dismissal for lack of subject-matter jurisdiction de novo. *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). Siemens asks us to take judicial notice of various litigation documents to support its position that it has standing to appeal the district court's order. We conclude that Siemens has standing to appeal because the dismissal order deprived it of a federal forum, which was Siemens's preferred forum. *Cf. Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991) (holding that plaintiffs' loss of their ability to sue in the "forum of their choice" constituted sufficient "injury" to establish standing to challenge a removal order); *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 911–12 (3d Cir. 1999) (applying *International Primate* to conclude that a defendant has standing to challenge a dismissal order that deprives the defendant of the opportunity to litigate in a preferred forum); *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). We therefore deny Siemens's motion for judicial notice (Dkt. 10) as moot.

2. Enomoto's amended complaint did not allege the amount in controversy. Siemens retained a data analyst, Ariel Kumpinsky, to review its

3

payroll and employee records and calculate an estimated amount in controversy. Because Enomoto did not provide specifics about the frequency of Siemens's alleged labor and wage law violations in her amended complaint, Kumpinsky relied on various assumptions to estimate the amount of damages for which Siemens was potentially liable. Based on these assumptions, Kumpinsky concluded that the amount in controversy for Enomoto's overtime wage, meal period, rest break and waiting period violation claims totaled $7,435,163.24. Siemens also contended that attorneys' fees should be included in the calculation, which brought its total estimated amount in controversy to $9,293,960.30.

The district court clearly erred in determining that Siemens failed to demonstrate that the amount in controversy exceeded $5,000,000, as required for jurisdiction under CAFA. Siemens "bears the burden to show by a preponderance of the evidence" that its estimate meets the amount in controversy jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant "may rely on reasonable assumptions" to establish the potential amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). "Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir.

4

2022).

When a removing defendant alleges that the district court has jurisdiction under CAFA, "the plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)). It is unclear from the district court's order whether it analyzed Enomoto's challenge as a facial or factual attack. But Siemens met its burden either way.

A defendant is permitted to rely on a declaration from an individual who has reviewed relevant employee payroll and wage data to support its amount in controversy allegations. *See Salter*, 974 F.3d at 963-64 (rejecting the plaintiff's argument that the defendant must provide business records to support its declaration); *Jauregui*, 28 F.4th at 991 (accepting a declaration as sufficient "summary judgment style evidence" to support amount in controversy calculations). Kumpinsky's declaration provided information regarding the business records reviewed as well as the methodology used for the amount in controversy calculations. We conclude that Kumpinsky's declaration provided sufficient evidence to support Siemens's calculations.

Furthermore, Siemens's assumptions were reasonable given the information Enomoto included in her amended complaint. Enomoto alleged that Siemens had a

5

common practice of misclassifying her and other similarly situated employees as exempt from overtime, and she alleged that "she worked at least 65 minutes to 150 minutes of overtime each and every week" during her tenure at Siemens but received no overtime pay. Based on this, Siemens reasonably assumed each putative class member was owed one hour of unpaid overtime per 40-hours worked or scheduled to work. Enomoto also alleged that Siemens "regularly" required employees to work through their meal period. Siemens's assumption that each putative class member suffered at least one meal and rest period violation per week was a conservative estimate given Enomoto's allegation that Siemens consistently failed to provide these periods to employees.

We have declined to adopt a per se rule that the amount of attorneys' fees in controversy equals twenty-five percent of all other alleged recovery. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 796 (9th Cir. 2018). We need not address what amount of attorneys' fees would be reasonable here because the amount in controversy exceeds $5,000,000 even if attorneys' fees are excluded from the estimated total.

We conclude that Siemens has sufficiently shown that there is more than $5,000,000 in controversy and that the district court had diversity jurisdiction under CAFA. We therefore reverse the portion of the district court's order pertaining to CAFA jurisdiction and remand for further proceedings.

6

**REVERSED and REMANDED.**